**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RICHARD SASO and KRISTI SASO,<br><br>    Plaintiffs,<br><br>        v.<br><br>JOYCE GENHO,<br><br>    Defendant. | Case No.  21-cv-02030-BLF<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND; AND DENYING PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS**<br><br>[Re:  ECF 8] |

Plaintiffs Richard and Kristi Saso move to remand this unlawful detainer action, which Defendant Joyce Genho removed from the Santa Cruz County Superior Court. The Sasos also seek an award of attorneys' fees and costs incurred in bringing the motion to remand. This Court previously vacated the hearing on the motion and advised the parties that the matter would be submitted without oral argument upon the filing of Genho's opposition or the expiration of time to oppose. *See* Order Vacating Hearing, ECF 13.

On April 13, 2021, the Sasos filed a notice of non-opposition, advising the Court that Genho had not filed opposition by the April 12, 2021 deadline to do so. *See* Notice of Non-Opp., ECF 15. On April 14, 2021, Genho filed a late opposition, stating that she had not been notified by the Sasos or the Court that her opposition was due on April 12, 2021. *See* Opp., ECF 16. In reviewing the proofs of service filed by the Sasos, showing that Genho was served with both the motion for remand and the Court's order vacating the hearing, the Court discovered that the motion and order were mailed to Genho at 408 Escal*ano* Drive rather than her address of record,

1    408 Escal*ona* Drive.  *See* POS re Mot. to Remand, ECF 10; POS re Order, ECF 14.  Under these

2    circumstances, the Court accepts Genho's opposition as timely.

3          For the reasons discussed below, the motion to remand is GRANTED and the motion for

4    attorneys' fees and costs is DENIED.

## I. BACKGROUND

      The Sasos filed this unlawful detainer action in the Santa Cruz County Superior Court on February 22, 2021, alleging the following facts.  *See* Compl., Exh. to Pet. for Removal, ECF 2-1.  In December 2020, the Sasos purchased a piece of residential real property located at 408 Escalona Drive in Capitola, California.  *See* Compl. ¶¶ 2, 9.  The sellers, Clif and Julie Jarvis, had been leasing the property to Genho on a month-to-month basis.  *See* Compl. ¶ 6.  The Jarvises gave Genho written notification of the impending sale in both September 2020 and October 2020, advising Genho that the buyers intended to occupy the premises without a tenant and that she would have to vacate.  *See* Compl. ¶¶ 7-8.  After escrow closed in December 2020, the Sasos served Genho with a 60-day eviction notice.  *See* Compl. ¶¶ 11-13.  However, Genho has refused to vacate the property.  *See* Compl. ¶ 16.

      Genho, proceeding *pro se*, removed the unlawful detainer action to federal district court on March 23, 2021.  *See* Not. of Removal, ECF 1.  The Sasos' motion to remand is now before the Court.

## II. LEGAL STANDARD

      A defendant may remove to federal court any civil action over which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "Absent diversity of citizenship, federal-question jurisdiction is required."  *Id.*

      Federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

pleaded complaint." *Caterpillar*, 482 U.S. at 392. "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393.

There are two exceptions to the well-pleaded complaint rule. *See City of Oakland v. BP PLC*, 969 F.3d 895, 904-05 (9th Cir. 2020). First, "the Supreme Court has recognized a special and small category of state-law claims that arise under federal law for purposes of § 1331 because federal law is a necessary element of the . . . claim for relief." *Id.* at 904 (quotation marks and citation omitted). "A second exception to the well-pleaded-complaint rule is referred to as the 'artful-pleading doctrine.'" *Id.* at 905. "This doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." *Id.* (quotation marks and citation omitted).

### III. DISCUSSION

While not stated explicitly in the Notice of Removal, it appears that Genho removed the unlawful detainer action based on federal question jurisdiction, as she asserts that the unlawful detainer proceedings violate the United States Constitution and federal statute. *See* Not. of Removal, ECF 1. The Sasos' complaint raises a single claim of unlawful detainer under California state law. *See* Compl., Exh. to Pet. for Removal, ECF 2-1. Under the well-pleaded complaint rule set forth above, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Genho has not asserted that this case falls within one of the narrow exceptions to the well-pleaded complaint rule, and the Court finds that it does not. Thus, because no federal question is presented on the face of the Sasos' unlawful detainer complaint, federal jurisdiction does not exist.

Genho argues that she is "protected by the CARES Act as well as the CDC Eviction Moratorium until June 30, 2021." Opp. at 1, ECF 16. "On March 27, 2020, the federal government enacted the Coronavirus Aid, Relief, and Economic Security Act ('CARES Act')." *Elmsford Apartment Assocs., LLC v. Cuomo*, 469 F. Supp. 3d 148, 157 (S.D.N.Y. 2020). "The CARES Act provided numerous forms of relief . . . including a prohibition against new eviction cases filed by housing providers who participate in certain federal housing rental programs on the

1  basis of non-payment of rent." *Id.*  On September 4, 2020, the Centers for Disease Control and
2  Prevention ("CDC") issued a temporary eviction moratorium entitled "Temporary Halt in
3  Residential Evictions to Prevent Further Spread of COVID-19."  85 Fed. Reg. 55292 (Sept. 4,
4  2020).  That moratorium was effective September 4, 2020 through December 31, 2020.  *See id.*
5  To the extent Genho is raising the CARES Act and the CDC Eviction Moratorium as defenses to
6  the unlawful detainer action, "a case may not be removed to federal court on the basis of a federal
7  defense."  *Caterpillar*, 482 U.S. at 393.

8        The Court concludes that the action must be remanded to the Santa Cruz County Superior
9  Court for lack of federal jurisdiction.  This conclusion is consistent with the decisions of numerous
10 other district courts within the Ninth Circuit that have remanded unlawful detainer actions for lack
11 of federal jurisdiction despite the defendant's assertion of rights under the CARES Act or the CDC
12 Eviction Moratorium.  *See, e.g., Nahouraii v. Weinerman*, No. 2:21-cv-00090-TLN-JDP, 2021
13 WL 237259, at *2 (E.D. Cal. Jan. 25, 2021); *Love v. White*, No. 2:21-CV-00045-TLN-AC, 2021
14 WL 606256, at *2 (E.D. Cal. Jan. 15, 2021); *Menhardt v. Tracy*, No. 20-CV-08670-NC, 2020 WL
15 8513086, at *2 (N.D. Cal. Dec. 24, 2020).

16       The Sasos ask that Genho be required to pay their attorneys' fees and costs incurred in
17 bringing the motion to remand.  The Court has discretion to award fees and costs under 28 U.S.C.
18 § 1447, which provides in relevant part that "[a]n order remanding the case may require payment
19 of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."
20 28 U.S.C. § 1447(c).  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "Conversely,
21 when an objectively reasonable basis exists, fees should be denied."  *Id.*  In deciding whether to
22 award fees and costs against a *pro se* defendant under these standards, courts in this district
23 "recognize the lack of legal assistance to be significant," and frequently decline to award fees and
24 costs against *pro se* litigants under § 1447(c).  *See Deutsche Bank Tr. Co. Americas v. Bradford*,
25 No. C 12-01077-RS, 2012 WL 3069155, at *1 (N.D. Cal. July 26, 2012).  Given Genho's *pro se*
26 status and personal circumstances as described in her opposition, the Court declines award
27 attorneys' fees and costs against her.
28

## IV. ORDER

(1) The motion to remand is GRANTED;

(2) The motion for attorneys' fees and costs is DENIED;

(3) The Clerk SHALL transmit the file to the Santa Cruz County Superior Court and close the file in this Court; and

(4) This order terminates ECF 8.

Dated: April 19, 2021

_____
BETH LABSON FREEMAN
United States District Judge